PEOPLE, PLAINTIFF AND APPELLEE, v. RODRÍGUEZ, DEFENDANT
AND APPELLANT.

Appeal from the District Court of Humacao in a Prosecution
for Aggravated Assault and Battery.

No. 2051.—Decided June 5, 1923.

APPEAL—REVIEW—TRIAL DE NOVO.—On appeal from a municipal court the trial
is imperatively *de novo* and a district court acquires jurisdiction only to
try the case *de novo*. It does not sit as a court of review and can not
review an incident of the trial.

CONTINUANCE—JUST CAUSE—PRESUMPTION—BURDEN OF PROOF.—On motion for
dismissal the burden is on the district attorney to show a continuance for
just cause, but when a court has already continued a case the presumption
is that there was a just cause and the burden is on the defendant to show
the contrary.

The facts are stated in the opinion.

*Mr. A. Aponte, Jr.,* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

On May 22, 1922, appellant was arrested for a crime of
assault and battery by virtue of a complaint filed before the
Municipal Court of Fajardo. By affidavit filed by appellant
in the District Court of Humacao it is set up that the trial
did not take place in the Municipal Court of Fajardo until
September 22nd and, according to the same affidavit, that
the appellant then presented a motion to the Municipal
Court of Fajardo asking, inasmuch as his trial did not take
place within 120 days after his arrest, for a dismissal by
virtue of section 448 of the Code of Criminal Procedure
and of Section 2 of the Organic Act, each looking to a
speedy trial. None of the proceedings in regard to this
motion to dismiss were certified up by the municipal court,
and the appellant did not include any official certificate of
these proceedings when subsequently on appeal he made
a motion for dismissal in the District Court of Humacao
because of a lack of a speedy trial in the municipal court.
Not even the date at which the trial took place in the munici-

pal court is certified to by any official of that court. The appellant relied on his affidavit alone.

When in 1916 the District Court of San Juan refused to dismiss a cause for lack of a speedy trial the proceedings of that court were brought before us by virtue of a writ of mandamus. *Dyer* v. *Rossy,* 23 P. R. R. 718. An appeal then could have availed the defendant, but he would first have had to submit to trial. In the present case whatever rights the appellant may have had to revise the proceedings of the municipal court by virtue of mandamus, habeas corpus, or any other method, in the District Court of Humacao, the fact is that after his motion to dismiss was overruled he went to trial, was convicted, and then appealed. The question then arises whether on appeal to the district court the latter is authorized by virtue of the appeal to review the proceedings in the municipal court.

On appeal from a municipal court the trial is imperatively *de novo.* The district court acquires jurisdiction only to try the case *de novo.* It does not sit as a court of review and it cannot on appeal review an incident of the trial. Of course if it be alleged that the municipal court was without jurisdiction to try the case, a different matter is presented.

Furthermore, on appeal from the municipal court the original complaint is certified to the district court and practically nothing else. No provision is made for bringing any other matter before the district court.

When the motion to dismiss and the affidavit were presented to the district court the *fiscal* objected because the proceedings before the municipal court did not appear, including the failure to show the order of the Municipal Court of Fajardo or whether or not the municipal court postponed for just cause. Assuming the right to review in the district court, there would be a presumption that

the municipal court found a just cause for postponing and the burden would be on appellant to show otherwise. While we have held that on an application to dismiss the burden is on the *fiscal* to show a postponement for just cause, when a court postpones, as we have held, the presumption is in favor of a just postponement and the defendant must make a showing to the contrary.

The facts of this case were that the prosecuting. officer was in doubt whether he should not prosecute for an "attempt to kill." The papers were sent to him on May 26th, 1922, for this purpose by either the committing magistrate or the municipal judge. On June 30th the *fiscal* told the municipal court to go ahead with the trial. If we may discount the time that the *fiscal* was investigating the more serious charge, there would be no delay outside of 120 days.

The trial took place on September 22, 1922—exactly four calendar months after the arrest. If the court had a right to discount even three days because of the action of the prosecuting officer, the trial was duly held. Other considerations might apply to show a just cause as pointed out in *People* v. *Ibern*, 31 P. R. R. 867.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.